James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Molly E. Odom, Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Pedro Antonio Ayala–Ayala raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Gilberto GARCIA–LOZANO,
Defendant–Appellant.

No. 06–40472
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Gilberto Garcia–Lozano raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

penalty provision and not a separate criminal offense; by *United States v. Garcia–Mendez,* 420 F.3d 454 (5th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006), which held that a Texas conviction for burglary of a habitation was equivalent to burglary of a dwelling; and by *United States v. Carmichael,* 343 F.3d 756, 761–62 (5th Cir.2003), which held that a challenge to the district court's order requiring the defendant to cooperate in the collection of a DNA sample as a condition of supervised release is not ripe for review on direct appeal. The Government's motion for summary affirmance is GRANTED.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.